FURR, Respondent, v. FOULKE, Appellant

(250 N. W. 667.)

(File No. 7502. Opinion filed October 26, 1933.)

*C. O. Trygstad,* of Brookings, for Appellant.

*E. A. Berke,* of Brookings, for Respondent.

ROBERTS, J. This is an appeal from an order overruling a demurrer to the complaint. The action was instituted by respondent, C. N. Furr, against the appellant, John M. Foulke, seeking to recover damages for certain alleged slanderous words charged to have been falsely spoken of and concerning the respondent and in the presence of persons in the neighborhood where the respondent resides. The following are the alleged slanderous words spoken of and concerning the respondent: "That C. N. Furr killed my hog, the dirty little cur." It is alleged in the complaint that the appellant meant "thereby that the said C. N. Furr, the plaintiff, committed the crime of maliciously killing defendant's hog."

The sole question presented on this appeal is whether the complaint. states a cause of action. Section 98, Rev. Code 1919, in so far as applicable to this case, defines "slander" as follows: "Slander is a false and unprivileged publication other than libel, which: 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime. * * *" The words must impute the commission of a crime. Section 4323, Rev. Code 1919, provides that "every person who maliciously kills * * * any animal * * * the property of another * * * is guilty of a misdemeanor."

The appellant contends that the words alleged to have been spoken by him do not charge the commission of a crime and that innuendo can only explain and not enlarge the natural meaning of the language itself. It is well settled that a pleader by innuendo

cannot alter or extend the sense of defamatory words. If the words used are not actionable per se, they cannot be made so by innuendo. It is only when the words are equivocal or ambiguous and admit of several meanings that it is proper by innuendo to attribute to them such fixed and definite meaning as the pleader thinks they ought to bear. Howe v. Thompson, 35 S. D. 1, 150 N. W. 301.

█ It is the duty of the court in the first instance to determine whether the meaning ascribed by the pleader is the natural and probable one, and if the words are incapable of the meaning ascribed to them by the innuendo and are prima facie not actionable, a cause of action is not stated. But if the words are capable of the meaning ascribed to them, then it may become a question for the jury. 37 C. J. 101; Springer v. Swift, 59 S. D. 208, 239 N. W. 171, 78 A. L. R. 1171.

█ The complaint sets forth no extrinsic or explanatory facts or circumstances with respect to the words complained of. We are to consider therefore whether the words in themselves, in their natural and reasonable sense, import the commission of a crime. There is no reference to any facts or circumstances connected with the killing; it may have been accidental. It does not appear that the killing was malicious and the plaintiff may have done precisely what the defendant is alleged to have said that he did without being guilty of any criminal offense. Hansbrough v. Stinnett, 25 Grat. (66 Va.) 495. The allegation that the alleged slanderous words were intended to charge the plaintiff with the "crime of maliciously killing defendant's hog" cannot enlarge the reasonable and natural meaning ascribed to the language itself; the innuendo cannot introduce a meaning broader than that which the words taken in connection with other allegations naturally bear.

The order appealed from is therefore reversed.

All the Judges concur.