FURR, Respondent, v. FOULKE, Appellant.

(266 N. W. 687.)

(File No. 7795. Opinion filed April 16, 1936.)

C. O. Trygstad, of Brookings, for Appellant.
E. A. Berke, of Brookings, for Respondent.

POLLEY, P. J. This is an appeal from an order overruling defendant's demurrer to plaintiff's amended complaint. On a former appeal we reversed an order overruling a demurrer to the original complaint (62 S. D. 15, 250 N. W. 667, 668), and the case was returned to the trial court, where the plaintiff amended his complaint. Defendant demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendant again appeals.

In the original complaint plaintiff stated the gravamen of his cause in the following language:

"That on or about the 1st day of May, 1932, and at several times prior thereto, the defendant, John Foulke, in a conversation with numerous persons in the neighborhood where the plaintiff has resided for many years last past, did speak of and concerning the plaintiff the following false and defamatory words, to-wit:

" 'That C. N. Furr * * * killed my hog, the dirty little cur'; meaning thereby that the said C. N. Furr the plaintiff, committed the crime of maliciously killing defendant's hog."

On the former appeal we said that it did not appear from the utterances of defendant that the killing of the hog was malicious or that it was not done accidentally. In the amended complaint plaintiff's charging allegation reads as follows:

"That on or about the 1st day of May, 1932, and at several other times prior thereto, the defendant, John Foulke, in a conversation with numerous persons in the neighborhood where the plaintiff has resided for many years last past, did speak of and concerning the plaintiff the following false and defamatory words, to-wit:

" 'That C. N. Furr killed my hog, the dirty little cur.'

"That the defendant was the owner of a certain hog and that before the speaking of the aforesaid false and defamatory words, defendant's hog had been found dead on plaintiff's land, that the plaintiff informed the defendant about finding defendant's dead hog on his land, that the defendant then and there accused the plaintiff of maliciously killing the said hog; that the persons to whom the aforesaid false and defamatory words were spoken knew about the ill will and malice that the defendant had towards and against the plaintiff on account of finding defendant's dead hog on plaintiff's land; that the aforesaid words were spoken in a loud and angry manner by the defendant; that the defendant accused the plaintiff of purposely and maliciously killing defendant's hog, and that thereby the defendant intended to charge the plaintiff with the crime of maliciously killing defendant's hog."

We find no material difference between the original and amended complaints.

On the former appeal we said: "The appellant contends that the words alleged to have been spoken by him do not charge the commission of a crime and that innuendo can only explain and

not enlarge the natural meaning of the language itself. It is well settled that a pleader by innuendo cannot alter or extend the sense of defamatory words. If the words used are not actionable per se, they cannot be made so by innuendo. It is only when the words are equivocal or ambiguous and admit of several meanings that it is proper by innuendo to attribute to them such fixed and definite meaning as the pleader thinks they ought to bear." Citing Howe v. Thompson, 35 S. D. 1, 150 N. W. 301.

In the original complaint plaintiff says that by the language used by defendant he accused plaintiff of maliciously killing defendant's hog; while in the amended complaint he says that by the language used he (the defendant) "accused the plaintiff of purposely and maliciously killing defendant's hog, and that thereby the defendant intended to charge the plaintiff with the crime of maliciously killing defendant's hog." He merely repeated the charge made in the original complaint.

Further discussion of the case would be a mere repetition of what was said when the case was here on the first appeal. The words used by defendant do not imply the commission of a crime by plaintiff and are not actionable.

The order appealed from is reversed.

All Judges concurring.